JESSE M. CARROLL, plaintiff in error, vs. BENJAMIN F. McCOY, defendant in error.

If several garnishments be served upon the maker of a note and the holder of it, returnable to different Courts, and the holder of the note deliver it up to the Court in which the oldest garnishments are pending, and the note is sold by order of that Court, and the proceeds are distributed to the creditors moving in that Court (the creditors in the other Court having notice,) and the maker of the note afterwards pay it off to the purchaser, he cannot be required to pay it again on the younger garnishments pending in the other Court.

Garnishment. In Newton Superior Court. Decided by Judge SPEER. September Term, 1866.

Carroll was administrator of James Hodge, deceased. One Skelton was entitled to some of the estate. He made a power of attorney to one Bailey to settle for him with the administrator. Bailey did settle, taking the note of Carroll, payable to himself, and gave a receipt in full.

On the same day, (April 12th, 1861,) four attachments were issued against Skelton, one of them in favor of McCoy, returnable to the June Term, 1861, of the Inferior Court; another in favor of William D. Luckie, returnable to the April Term, 1861, of a Justices' Court; another in favor of James H. Rakestraw, returnable to the same Term; and another in favor of Richard King, returnable to the same Term of the same Justices' Court. McCoy's attachment, returnable to the Inferior Court, was levied by serving a summons of garnishment on Bailey, April 16th, 1861; and by serving a summons of garnishment on Carroll, April 24th, 1861. Luckie's attachment, returnable to the Justices' Court, was levied upon one box, and by serving summons of garnishment on Bailey and Carroll, April 12th, 1861.

When the attachments of Rakestraw and King were levied does not appear, but they were returned to the April Term, 1861, of the Justices Court, as levied by serving summons of garnishment upon Bailey. To these two last mentioned attachments, Bailey, the garnishee, answered that he had in his possession the aforesaid note, and delivered up the same to the Justices' Court. The Justices' Court, on the 30th of July,

1861, ordered it sold; and it was accordingly sold by the Constable on the fourth Saturday in October, 1861. Before this sale, to-wit, on the 28th of September, 1861, the attorneys of McCoy and Luckie gave notice to the Constable not to deliver the note or its proceeds, if sold, as these clients of theirs had superior liens upon it. The Constable, however, sold the note and delivered it to the purchaser; and several months afterwards Carroll paid it off to the purchaser.

Before this, to-wit, on the 24th of June, 1861, Carroll appeared at the Inferior Court and answered to the summons of garnishment served on him by McCoy, admitting the facts as to the note given to Bailey, and setting up that he had been garnisheed by Luckie, but admitting that McCoy's garnishment was first served.

The Inferior Court, upon this answer, gave judgment against Carroll; and he appealed to the Superior Court, which latter Court, at September Term, 1866, on an agreed state of facts, corresponding substantially with the foregoing, rendered a similar judgment; to which the counsel for Carroll excepted.

Floyd, for plaintiff in error.

Clark, for defendant.

Lumpkin, C. J.

There is one thing rather singular, Carroll in his deposition states, that McCoy's garnishment was served upon him first. Upon this subject he was manifestly in error, as the return of service on the different garnishments by the proper officer, abundantly proves. How he came to fall into the mistake, I do not understand; or whether the Court below put his decision upon this admission, is not stated. But we repeat, the fact is otherwise, and he ought to be relieved against the liability, if he suffered from the mistake in his

deposition. But even if we are wrong as to dates, still we think the judgment was erroneous.

The Justices Court had jurisdiction of the subject, and all the parties were notified of the pendency of the proceedings there; under the order of this Court, the note was turned over to the Constable, and ordered to be sold, and subsequently paid off to the purchaser by Carroll. Under these circumstances it was manifestly wrong for the Judge to hold him liable to pay the money a second time, and that, too, to a creditor whose garnishment was not served until after those which were returnable to the Justices Court, upon which the note was sold.